IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIE MAE PROBY, JUDITH RANNEY, SHIRLEY RAY, DOROTHY RICE, WILLIAM ROSARIO, BERNARD L. ROSIER, BARBARA ROSIER, SHEILA ROSSETTI, SHERMAN RUSH, CAROL RUSH, MARLENE SANDERS, and GWENDOLYN SHELTON, | § § § § § § § | |
| Plaintiffs, | § § | Case No. _____ |
| v. | § § | |
| MERCK & CO., INC., One Merck Drive Whitehouse Station, NJ 08889 | § § § § § | |
| Defendant. | § | |

## ANSWER, DEFENSES, AND JURY DEMAND

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the First Amended Complaint for Damages ("First Amended Complaint") herein as follows. Any allegation in the First Amended Complaint not explicitly responded to in this Answer is hereby denied.

1.    The allegations contained in Paragraph 1 of the First Amended Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 1 of the First Amended Complaint.

2.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the First Amended Complaint, and on that basis denies them.

3.    Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntary withdrawal from the worldwide market on September 30, 2004, and except as thus admitted, denies the allegations contained in Paragraph 3 of the First Amended Complaint.

4.    Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntary withdrawal from the worldwide market on September 30, 2004, and except as thus admitted, denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    Merck admits that Vioxx is part of a class of drugs known as NSAIDs and that it manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that Vioxx is the brand name for rofecoxib.  Except as thus admitted, Merck denies the allegations contained in Paragraph 5 of the First Amended Complaint.

6.    The allegations contained in Paragraph 6 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the First Amended Complaint, and on that basis denies them.

7.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Willie Mae Proby purchased and/or used Vioxx, and on that basis denies those allegations.  Merck further states that the remaining allegations contained in Paragraph 7 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 7 of the First Amended Complaint.

8.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Judith Ranney purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 8 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 8 of the First Amended Complaint.

9.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Shirley Ray purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 9 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 9 of the First Amended Complaint.

10.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Dorothy Rice purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 10 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 10 of the First Amended Complaint.

11.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff William Rosario purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the allegations contained in the second sentence of Paragraph 11 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies each and every allegation contained in the second sentence of Paragraph 11 of the First Amended Complaint.

12.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Bernard L. Rosier purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the allegations contained in the second sentence of Paragraph 12 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of Paragraph 12 of the First Amended Complaint. Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 12 of the First Amended Complaint, and on that basis denies them.

13.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Sheila Rossetti purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 13 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 13 of the First Amended Complaint.

14.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Sherman Rush purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in the first sentence of Paragraph 14 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies each and every allegation contained in the first sentence of Paragraph 14 of the First Amended Complaint. Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 14 of the First Amended Complaint, and on that basis denies them.

15.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Marlene Sanders purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 15 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 15 of the First Amended Complaint.

16.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of whether, when, or where Plaintiff Gwendolyn Shelton purchased and/or used Vioxx, and on that basis denies those allegations. Merck further states that the remaining allegations contained in Paragraph 16 of the First Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every remaining allegation contained in Paragraph 16 of the First Amended Complaint.

17.      Merck denies each and every allegation contained in Paragraph 17 of the First Amended Complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

18.    Merck denies each and every allegation contained in Paragraph 18 of the First Amended Complaint, except admits that Merck scientists began to research medications that selectively inhibit the enzyme known as cyclooxygenase-2 ("COX-2") in 1992.

19.    Merck denies each and every allegation set forth in Paragraph 19 of the First Amended Complaint except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

20.    Merck denies each and every allegation contained in Paragraph 20 of the First Amended Complaint.

21.    Merck denies each and every allegation set forth in Paragraph 21 of the First Amended Complaint, and avers that the FDA approved the Vioxx NDA on May 20,1999 as safe and effective for use as recommended in the FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

22.    Merck denies each and every allegation contained in Paragraph 22 of the First Amended Complaint.

23.    Merck denies each and every allegation contained in Paragraph 23 of the First Amended Complaint.

24.    Merck denies each and every allegation contained in Paragraph 24 of the First Amended Complaint and avers that on September 30, 2004 Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

25.     The allegations contained in Paragraph 25 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 25 of the First Amended Complaint except admits that Vioxx is the brand name for rofecoxib.

26.     Merck denies each and every allegation contained in Paragraph 26 of the First Amended Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx.  Merck further admits that Vioxx is the brand name for rofecoxib.

27.     Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntary withdrawal from the worldwide market on September 30, 2004.  Merck further admits that it sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx.  Merck further admits that Vioxx is the brand name for rofecoxib, and except as thus admitted, denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Merck denies each and every allegation contained in Paragraph 28 of the First Amended Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

29.     Merck denies each and every allegation contained in Paragraph 29 of the First Amended Complaint.

30.     Merck denies each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Merck denies each and every allegation contained in Paragraph 31 of the First Amended Complaint and respectfully refers the Court to the referenced article and presentation for their actual language and full content.

32.     Merck denies each and every allegation contained in Paragraph 32 of the First Amended Complaint.

33.     Merck denies each and every allegation contained in Paragraph 33 of the First Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

34.     Merck denies each and every allegation contained in Paragraph 34 of the First Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

35.     Merck denies each and every allegation contained in Paragraph 35 of the First Amended Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

36.     Merck denies each and every allegation contained in Paragraph 36 of the First Amended Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

37.     Merck denies each and every allegation in Paragraph 37 of the First Amended Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

38.      Merck denies each and every allegation contained in the first sentence of Paragraph 38 of the First Amended Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.  Merck denies each and every allegation contained in the second sentence of Paragraph 38 of the First Amended Complaint, except admits that on September 30, 2004, both Merck and the FDA issued statements regarding Vioxx and respectfully refers the Court to these statements for their actual language and full text.

39.      Merck denies each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40.      Merck denies each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41.      Merck denies each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42.      Merck admits that in Paragraph 42 of the First Amended Complaint, Plaintiffs purport to allege certain claims but denies each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43.      The allegations contained in Paragraph 43 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in Paragraph 43 of the First Amended Complaint.

44.     Merck denies each and every allegation contained in Paragraph 44 of the First Amended Complaint.

45.     Merck denies each and every allegation contained in Paragraph 45 of the First Amended Complaint.

46.     Merck denies each and every allegation contained in Paragraph 46 of the First Amended Complaint except admits that 2003 Vioxx sales exceeded $2 billion.

47.     The allegations contained in Paragraph 47 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 47 of the First Amended Complaint.

## RESPONSE TO COUNT I

48.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

49.     Merck denies each and every allegation contained in Paragraph 49 of the First Amended Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntary withdrawal from the worldwide market on September 30, 2004.

50.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the First Amended Complaint, and on that basis denies them.

51.     Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the First Amended Complaint, and on that basis denies them.

52.     Merck denies each and every allegation contained in Paragraph 52 of the First Amended Complaint.

53.     Merck denies each and every allegation contained in Paragraph 53 of the First Amended Complaint.

54.     Merck denies each and every allegation contained in Paragraph 54 of the First Amended Complaint.

## RESPONSE TO COUNT II

55.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

56.     The allegations contained in Paragraph 56 of the First Amended Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 56 of the First Amended Complaint.

57.     Merck denies each and every allegation contained in Paragraph 57 of the First Amended Complaint, including Subparagraphs a through j.

58.     Merck denies each and every allegation contained in Paragraph 58 of the First Amended Complaint.

## RESPONSE TO COUNT III

59.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

60.    Merck denies each and every allegation contained in Paragraph 60 of the First Amended Complaint.

## RESPONSE TO COUNT IV

61.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

62.    Merck denies each and every allegation contained in Paragraph 62 of the First Amended Complaint.

63.    Merck denies each and every allegation contained in Paragraph 63 of the First Amended Complaint, including Subparagraphs a through f.

64.    Merck denies each and every allegation contained in Paragraph 64 of the First Amended Complaint.

65.    Merck denies each and every allegation contained in Paragraph 65 of the First Amended Complaint.

## RESPONSE TO COUNT V

66.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

67.     Merck denies each and every allegation contained in Paragraph 67 of the First Amended Complaint.

68.     Merck denies each and every allegation contained in Paragraph 68 of the First Amended Complaint.

69.     Merck denies each and every allegation contained in Paragraph 69 of the First Amended Complaint.

70.     Merck denies each and every allegation contained in Paragraph 70 of the First Amended Complaint.

## RESPONSE TO COUNT VI

71.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

72.     The allegations contained in Paragraph 72 of the First Amended Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in Paragraph 72 of the First Amended Complaint.

73.     Merck denies each and every allegation contained in Paragraph 73 of the First Amended Complaint.

74.     Merck denies each and every allegation contained in Paragraph 74 of the First Amended Complaint.

75.     Merck denies each and every allegation contained in Paragraph 75 of the First Amended Complaint.

76.     Merck denies each and every allegation contained in Paragraph 76 of the First Amended Complaint.

## RESPONSE TO COUNT VII

77.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

78.     Merck denies each and every allegation contained in Paragraph 78 of the First Amended Complaint.

## RESPONSE TO COUNT VIII

79.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation contained in Paragraph 80 of the First Amended Complaint.

## RESPONSE TO COUNT VIII (misnumbered)

81.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

82.     Merck denies each and every allegation contained in Paragraph 82 of the First Amended Complaint.

## RESPONSE TO DAMAGES

83.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other Paragraphs of this Answer with the same force and effect as though set forth here in full.

84.     Merck denies each and every allegation contained in Paragraph 84 of the First Amended Complaint except admits that Plaintiffs purport to seek certain damages but denies that there is any legal or factual basis for relief.

85.     Merck denies each and every allegation contained in Paragraph 85 of the First Amended Complaint, including Subparagraphs a through c.

86.     Merck denies each and every allegation contained in Paragraph 86 of the First Amended Complaint except admits that Plaintiffs purport to seek certain damages but denies that there is any legal or factual basis for relief.

## RESPONSE TO PRAYER

87.     Plaintiffs' Prayer is not an allegation and therefore no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in the Prayer of Plaintiffs' First Amended Complaint, including Subparagraphs a through e.

## DEFENSES

As for additional defenses to the First Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiffs, Merck alleges as follows:

### First Defense

Each and every claim asserted or raised in the First Amended Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### Second Defense

The First Amended Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Each and every claim asserted or raised in the First Amended Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

### Fourth Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### Fifth Defense

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### Sixth Defense

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### Seventh Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, such injuries or losses may have been caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### Eighth Defense

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### Ninth Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to, any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### Tenth Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries and losses may have been caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### Eleventh Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse of Vioxx.

### Twelfth Defense

If Plaintiffs have sustained injuries or losses as alleged in the First Amended Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, subsequent medical conditions, or natural courses of conditions for which Defendant is not responsible.

**<u>Thirteenth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**<u>Fourteenth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

**<u>Fifteenth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

**<u>Sixteenth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**<u>Seventeenth Defense</u>**

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

**<u>Eighteenth Defense</u>**

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**<u>Nineteenth Defense</u>**

Plaintiffs' claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### Twentieth Defense

Plaintiffs' claims are barred, in whole or in part, because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-First Defense

Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### Twenty-Second Defense

Plaintiffs' claims are barred, in whole or in part, because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-Third Defense

Venue in this case is improper. This case is more appropriately brought in a different venue.

### Twenty-Fourth Defense

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the First Amended Complaint, Merck's liability, if any, should be reduced accordingly.

### Twenty-Fifth Defense

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the First Amended Complaint, such benefits are not recoverable in this action.

### Twenty-Sixth Defense

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the First Amended Complaint, such an award would also, if granted, violate Merck's constitutional rights under the laws of the United States and the District of Columbia.

### Twenty-Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate the alleged damages.

### Twenty-Eighth Defense

There is no technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### Twenty-Ninth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### Thirtieth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### Thirty-First Defense

Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

### Thirty-Second Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### Thirty-Third Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### Thirty-Fourth Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery by release as to their claims.

### Thirty-Fifth Defense

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

### Thirty-Sixth Defense

To the extent there were any risks associated with the use of the product, which is the subject matter of this action, that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### Thirty-Seventh Defense

Plaintiffs' claims may be barred, in whole or in part, from recovery due to spoliation of evidence.

### Thirty-Eighth Defense

Plaintiffs' claims may be barred, in whole or in part, by the governing laws of the District of Columbia.

### Thirty-Ninth Defense

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### Fortieth Defense

Plaintiffs have not sustained any injury or damages compensable at law.

### Forty-First Defense

Merck reserves its right to dismiss the First Amended Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

### Forty-Second Defense

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### Forty-Third Defense

Plaintiffs' claims are not suitable for joinder.


Inasmuch as the First Amended Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this Action. Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' First Amended Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _Katherine Leong_____

      Douglas R. Marvin
      (D.C. Bar No. 933671)
      Paul K. Dueffert
      (D.C. Bar No. 435452)
      Katherine Leong
      (D.C. Bar No. 492457)

725 12th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendant Merck & Co., Inc.*

Dated:  December 18, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of December, 2007, a true copy of the foregoing Answer, Defenses, and Jury Demand was served by U.S. first-class mail, postage prepaid to:

> Turner W. Branch, Esq.
> BRANCH LAW FIRM
> 1424 K Street, NW
> 6th Floor
> Washington, DC  20005

_Katherine Leong_

Katherine Leong